**SWB YANKEES LLC, Appellant**

v.

**GRETCHEN WINTERMANTEL and the Scranton Times Tribune.**

Commonwealth Court of Pennsylvania.

Argued June 21, 2010.

Decided July 22, 2010.

---

Joseph Kernen, Philadelphia, for appellant.

J. Timothy Hinton, Jr., Scranton, for appellees.

BEFORE: COHN JUBELIRER, Judge, BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge BUTLER.

SWB Yankees LLC (Yankees) appeals the September 9, 2009 order of the Court of Common Pleas of Lackawanna County (trial court) which denied and dismissed Yankees' petition for review of a final determination of the Pennsylvania Office of Open Records (OOR), affirmed the amended final determination filed by the Appeals Officer, and ordered Yankees to provide the requested information. There are three issues before the Court: (1) whether the term "governmental function" embraces the operation of a for-profit sports and entertainment venture by a private third party contractor on behalf of a local governmental agency, (2) whether the concerns of the concurring judges in *East Stroudsburg University Foundation v. Office of Open Records,* 995 A.2d 496 (Pa. Cmwlth.2010) *(East Stroudsburg)* should be addressed, and (3) whether Section 506(d)(1) of the Right–to–Know Law (RTKL),[1] 65 P.S. § 67.506(d)(1), pertains to the activities of the contractor itself. For the reasons that follow, we affirm the order of the trial court.

On January 28, 2009, Gretchen Wintermantel and the Scranton Times Tribune

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

(collectively Times Tribune) filed an RTKL request with the Multi–Purpose Stadium Authority of Lackawanna County (Authority) seeking access to and copies of all names and bids submitted to Yankees for a concessionaire contract at PNC field. On February 25, 2009, Frank J. Tunis, Solicitor for the Authority, responded stating that the requested information was not in the possession of the Authority, and while Yankees may have possession of the information, it is not considered a public record of the Authority because Yankees is not performing a governmental function of the Authority.

■ The Times Tribune appealed to the OOR. On May 6, 2009, the OOR granted the Times Tribune's appeal and ordered the Authority to provide the names and bids submitted for concessionaire contracts at PNC field within 30 days. On June 5, 2009, Yankees filed a Petition for Review of Final Determination of the OOR. A hearing was held in the trial court on August 27, 2009, and on September 9, 2009, the trial court denied and dismissed Yankees' petition, affirmed the amended final determination filed by the Appeals Officer, and ordered Yankees to provide the requested information. Yankees appealed to this Court.[2]

The trial court filed an opinion on September 9, 2009. On June 15, 2010, the trial court filed a supplemental opinion to address this Court's recently filed en banc opinion in *East Stroudsburg*. On June 18, 2010, Yankees filed an Application with this Court for Leave to File Supplemental Brief to address the trial court's supplemental opinion. On June 23, 2010, Yankees filed an Application to Quash and/or

Strike Supplemental Opinion, and on June 29, 2010, Yankees filed their supplemental brief.

This Court grants the Application for Leave to File Supplemental Brief, and will address the supplemental brief herein. And while this Court denies the Application to Quash and/or Strike the Supplemental Opinion of the trial court, the Court notes that it does not rely on said opinion in resolving the instant appeal.

■ Yankees argues in its original brief, that the trial court misconstrued Section 506(d) of the RTKL, by ignoring both the plain meaning and the peculiar legal meaning of the phrase "governmental function." Yankees contends that the plain meaning of the phrase "governmental function" does not encompass sports and entertainment events. We disagree.

Section 701(a) of the RTKL, 65 P.S. § 67.701(a), specifically states: "Unless otherwise provided by law, a public record, legislative record or financial record shall be accessible for inspection and duplication in accordance with this act."

Section 506(d)(1) of the RTKL, specifically states:

(1) *A public record* that is not in the possession of an agency but is *in the possession of a party with whom the agency has contracted to perform a governmental function* on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, *shall be considered a public record of the agency* for purposes of this act.

(Emphasis added). In addition, Section 708(a)(1) of the RTKL, 65 P.S.

**2.** Because this case presents no factual dispute, our review is limited to determining whether the trial court abused its discretion, committed any error of law or violated any constitutional rights. *Behm v. Wilmington*

*Area Sch. Dist.*, 996 A.2d 60 (Pa.Cmwlth. 2010). "The scope of review for a question of law under the [RTKL] is plenary." *Stein v. Plymouth Twp.*, 994 A.2d 1179, 1181 n. 4 (Pa.Cmwlth.2010).

§ 67.708(a)(1), specifically states: "The burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence." Lastly, Section 5620 of the Municipality Authorities Act, 53 Pa.C.S. § 5620, states:

> The effectuation of the authorized purposes of authorities created under this chapter shall be for the benefit of the people of this Commonwealth, for the increase of their commerce and prosperity and for the improvement of their health and living conditions. Since *authorities will be performing essential governmental functions in effectuating these purposes,* authorities shall not be required to pay taxes or assessments upon property acquired or used by them for such purposes.

(Emphasis added). The new RTKL does not define the term governmental function. However, under the old RTKL, the organization had to perform an "essential governmental function" to qualify as an agency. 65 P.S. § 66.1.[3] The fact that the General Assembly has removed the qualifier "essential" indicates its intent to lower the restrictions placed upon the disclosure of records held by agencies. *See generally East Stroudsburg.*

Here, we have an authority that was clearly created for the benefit of the people of the Commonwealth, and for the increase of their commerce and prosperity. The fact that it contracted out the operation of its baseball and other entertainment events at the Authority, is of no consequence as Section 506(d)(1) of the RTKL clearly puts a third party in the same position as an agency for purposes of the RTKL. Given the above, the fact that Yankees creates revenue for the Commonwealth and operates a public place for the benefit of the Commonwealth, the bids requested from Yankees, which clearly affect the amount of revenue generated by the Authority, are public records. Yankees had the burden of proving otherwise by a preponderance of the evidence; the OOR and the trial court did not find that it met its burden. We agree, and hold that the facts, as presented, do not indicate otherwise.

■ Yankees argues in its supplemental brief that the concerns of the concurring judges in *East Stroudsburg* can and must be addressed in this case. Specifically, Yankees contends: President Judge Leadbetter properly stated that "[the majority's] interpretation of [§ 67.506(d)(1) ] is far too broad for it renders the term 'governmental function' meaningless," and Judge McCullough properly stated: "this broad interpretation . . . ignores the plain language of the statute and instead renders the words 'to perform a governmental function' mere surplusage." Yankees' Supp. Br. at 2–3 (quoting Leadbetter, P.J., concurring and McCullough, J., concurring).

It is the position of Yankees that because it manages baseball and other entertainment at the Authority, that it clearly does not engage in a governmental function.[4] We disagree. Yankees is ignoring the above stated facts, i.e., that it creates revenue for the Commonwealth, operates a public place for the benefit of the Commonwealth, and the bids requested clearly affect the amount of revenue generated by

---

3. Act of June 21, 1957, P.L. 390, *as amended, formerly* 65 P.S. § 66.1, repealed by Act of February 14, 2008, P.L. 6, 65 P.S. § 67.3102, effective January 1, 2009.

4. During oral argument of this matter, counsel for Yankees conceded that if the Authority performed these same functions, they would indeed be considered governmental functions.

the Authority. Hence, it is performing a governmental function.

Yankees also argues in its supplemental brief that Section 506(d)(1) of the RTKL does not pertain to the activities of the contractor itself. Specifically, it argues that President Judge Leadbetter's concurring opinion in *East Stroudsburg* sets forth a newly emerged analysis of the issue, and as a result, it cannot be summarily assumed that the requested information constitutes records under the RTKL.

This Court, however, is not summarily assuming that the information requested constitutes records under the RTKL, but rather, the facts as presented establish that the information requested constitutes records under the RTKL. As stated above, because the Authority was created for the benefit of the people of this Commonwealth for the increase of their commerce and prosperity, and for the improvement of their health and living conditions, it is clearly performing a governmental function. The Authority has contracted out the operation of its baseball and entertainment events to Yankees. Although at first blush it may appear that this operation is not a governmental function, Yankees creates revenue for the Commonwealth and operates a public place for the benefit of the Commonwealth. In addition, the bids requested from Yankees clearly affect the amount of revenue generated by the Authority. Accordingly, the bids directly relate to the Authority's governmental function, and thus are public records under the RTKL.

For all of the above reasons, the order of the trial court is affirmed.

### ORDER

AND NOW, this 22nd day of July, 2010, the September 9, 2009 order of the Court of Common Pleas of Lackawanna County is affirmed; the Application for Leave to File Supplemental Brief filed by SWB Yankees LLC is granted; and the Application to Quash and/or Strike Supplemental Opinion filed by SWB Yankees LLC is denied.