IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The School District of Philadelphia,     :
               Appellant              :
                                   :
            v.                      :
                                   :
Jessica Calefati and the           :     No. 1285 C.D. 2020
Philadelphia Inquirer             :     Submitted: December 16, 2021


BEFORE:     HONORABLE MARY HANNAH LEAVITT, Judge[1]
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: January 12, 2022


The School District of Philadelphia (District) appeals from the Philadelphia County Common Pleas Court's (trial court) November 19, 2020 order that denied the District's appeal from the Office of Open Records' (OOR) Final Determination, affirmed the OOR's Final Determination, and directed the District to produce the requested data with student identifiers redacted and in CSV[2] format or other machine readable or electronic format as maintained by the District. The District presents two issues for this Court's review: (1) whether the trial court erred by ordering the District to provide student-level attendance reports with student identifiers redacted when the District is incapable of generating the requested reports without direct student identifiers because the entirety of the attendance report is

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] CSV is a delimited text file that can be opened with Microsoft Excel. *See* https://support.office.com/en-us/article/Import-or-export-text-txt-or-csv-files-5250ac4c-663c-47ce-937b-339e391393ba (last visited January 11, 2022).

exempt from disclosure under the Family Educational Rights and Privacy Act (FERPA);[3] and (2) whether the trial court erred by ordering the District to release personally identifiable information contained in individual student-level attendance reports in contradiction with the United States (U.S.) Department of Education Guidance on FERPA finding that redaction alone does not sufficiently de-identify student-level data.  After review, this Court affirms.

On June 13, 2019, the Philadelphia Inquirer and Jessica Calefati, a former newspaper reporter (collectively, Requesters), submitted to the District the following three Right-to-Know Law (RTKL)[4] requests (Requests), seeking:

> Attendance Period Count Reports for all [D]istrict schools for the following school years: 2012-2013, 2013-2014, 2014-2015, 2015-2016, 2016-2017, 2017-2018, 2018-2019.  Please provide a separate report for each term.
>
> Each report should be grouped by period and include all grades.  Each report should include all student[s] with student names redacted.  Each report should include the statuses of absent, tardy and early release and include all excuse codes.  Each report should include school name and school code.
>
> If possible, please provide the aggregated data contained in these reports in CSV format.

Reproduced Record (R.R.) at 1 (emphasis omitted).[5]

> Attendance Period Count Reports for all [D]istrict schools for the following school years: 2012-2013, 2013-2014,

---

[3] 20 U.S.C. § 1232g (relating to family educational and privacy rights).

[4] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[5] The District's Reproduced Record fails to comply with the Pennsylvania Rules of Appellate Procedure.  *See* Pa.R.A.P. 2173 ("[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc.").  The District failed to include the small "a" with its record page numbers.  However, for consistency of reference, the citations herein are as reflected in the Reproduced Record.

2014-2015, 2015-2016, 2016-2017, 2017-2018, 2018-2019.

Each report should be grouped by period and include all grades. Each report should include the statuses of absent, tardy and early release and include all excuse codes. Each report should include school name and school code.

All data should be summarized at the school level for the full school year.

If possible, please provide the aggregated data contained in these reports in CSV format.

R.R. at 2 (emphasis omitted).

[Average Daily Attendance (]ADA[)] and [Average Daily Membership (]ADM[)] Detail Reports for all [D]istrict schools for the following school years: 2012-2013, 2013-2014, 2014-2015, 2015-2016, 2016-2017, 2017-2018, 2018-2019.

Please redact student names from the "detail" portion of each report. Each report should include school name and school code.

If possible, please provide the aggregated data contained in these reports in CSV format.

R.R. at 3 (emphasis omitted).

On July 23, 2019, the District denied Requesters' Requests. On August 1, 2019, Requesters appealed to the OOR. During the proceedings before the OOR, the District asserted for the first time that the attendance information Requesters sought was exempt from disclosure under FERPA.

On September 6, 2019, the OOR concluded that the requested records were not exempt under FERPA, and directed the District to disclose the records to Requesters. On October 4, 2019, the District appealed to the trial court. The trial court held a hearing on November 19, 2020, after which it denied the District's

3

appeal and directed the District to disclose the requested records. The District appealed to this Court.[6, 7]

Initially, Section 1232g(b) of FERPA provides, in relevant part:

**Release of education records; parental consent requirement; exceptions; compliance with judicial orders and subpoenas; audit and evaluation of federally-supported education programs; recordkeeping**

**(1)** *No funds shall be made available* under any applicable program *to any educational agency* or institution *which has a policy or practice of permitting the release of education records* (*or personally identifiable information contained therein other than directory information*, as defined in paragraph (5) of subsection (a)) of students *without the written consent of their parents* to any individual, agency, or organization, other than to the following--

. . . .

**(2)** *No funds shall be made available* under any applicable program *to any educational agency* or institution *which has a policy or practice of releasing, or providing access to, any personally identifiable information in education*

---

[6] This Court's "review of a trial court's order in a[n] RTKL dispute is 'limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision.'" *Butler Area Sch. Dist. v. Pennsylvanians for Union Reform*, 172 A.3d 1173, 1178 n.7 (Pa. Cmwlth. 2017) (quoting *Kaplin v. Lower Merion Twp.*, 19 A.3d 1209, 1213 n.6 (Pa. Cmwlth. 2011)). "The scope of review for a question of law under the [RTKL] is plenary." *SWB Yankees LLC v. Wintermantel*, 999 A.2d 672, 674 n.2 (Pa. Cmwlth. 2010) (quoting *Stein v. Plymouth Twp.*, 994 A.2d 1179, 1181 n.4 (Pa. Cmwlth. 2010), *aff'd*, . . . 45 A.3d 1029 ([Pa.] 2012)).

*Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 178 n.8 (Pa. Cmwlth. 2019).

[7] The Pennsylvania School Boards Association and the Pittsburgh School District filed *amicus curiae* briefs in support of the District, and the Pennsylvania NewsMedia Association, the Reporters Committee for Freedom of the Press, and seven media organizations filed an *amicus curiae* brief in support of Requesters.

4

*records other than directory information,*[8] *or as is* permitted under paragraph (1) of this subsection, *unless--*

**(A)** *there is written consent from the student's parents* specifying records to be released, the reasons for such release, and to whom, and with a copy of the records to be released to the student's parents and the student if desired by the parents, or

**(B)** except as provided in paragraph (1)(J), *such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance* therewith by the educational institution or agency[.]

20 U.S.C. § 1232g(b) (italic emphasis added).  Section 1232g(a)(4)(A) specifies:

For the purposes of this section, the term "education records" means, except as may be provided otherwise in subparagraph (B), those records, files, documents, and other materials which--

**(i)** contain information directly related to a student; and

**(ii)** are maintained by an educational agency or institution or by a person acting for such agency or institution.

20 U.S.C. § 1232g(a)(4)(A).

The District first argues that it is unable to generate a report of individual student-level data without including personally identifiable information in the report.  The District contends that, under the plain language of Section 705 of the RTKL, 65 P.S. § 67.705, an agency is not required to create or format a record

---

8    [T]he term "directory information" relating to a student includes the following: the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student.

20 U.S.C. § 1232g(a)(5).

in a manner specified by a requester but, rather, an agency need only provide the information in the manner in which it currently exists.[9] Requesters rejoin that neither extraction of information from a database, nor redaction of non-public information from a public record constitutes the creation of a record.

Section 705 of the RTKL provides: "When responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record." 65 P.S. § 67.705. However, Section 706 of the RTKL clarifies:

> If an agency determines that a public record . . . contains information which is subject to access as well as information which is not subject to access, the agency's response shall grant access to the information which is subject to access and deny access to the information which is not subject to access. If the information which is not subject to access is an integral part of the public record . . . and cannot be separated, **the agency shall redact from the record the information which is not subject to access**, **and the response shall grant access to the information which is subject to access**. **The agency may not deny access to the record if the information which is not subject to access is able to be redacted**. . . .

65 P.S. § 67.706 (emphasis added).

The Pennsylvania Supreme Court addressed the interplay between Sections 705 and 706 of the RTKL in *Pennsylvania State Police v. Grove*, 161 A.3d 877 (Pa. 2017), wherein it explained:

> [T]his issue involves the application and interplay of Sections 705 and 706 of the RTKL, which simultaneously

---

[9] The District cites *Feldman v. Pennsylvania Commission on Crime & Delinquency*, 208 A.3d 167 (Pa. Cmwlth. 2019), to support its position. However, *Feldman* involved requests for an agency to produce records in a different format than that maintained by the agency. The *Feldman* Court held that, where an agency showed requested information existed in three different charts, it was not required to combine data into a single report. Accordingly, *Feldman* is inapposite.

6

prohibit the creation of "new records" while expressly requiring the release of redacted versions of agency records that contain both public and non-public information. In determining whether a court may order the redaction of certain portions of [requested records] without improperly resulting in the creation of a new record, we consider relevant principles of statutory construction. It is central to our analysis that "[e]very statute shall be construed, if possible, to give effect to all its provisions." [Section 1921(a) of the Statutory Construction Act of 1972 (SCA),] 1 Pa.C.S. § 1921(a). Further, in ascertaining the intent of a statute, we presume "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." [Section 1922(1) of the SCA,] 1 Pa.C.S. § 1922(1). We further presume "the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922(2). Construing Sections 705 and 706 of the RTKL with these principles in mind, while also giving effect to both statutes as we must, **it is without question redaction of [requested records] under Section 706 [of the RTKL] to protect exempt material does not result in the creation of a new record in violation of Section 705 [of the RTKL]**. Adoption of [an] argument to the contrary would render Section 706 [of the RTKL] in derogation of the express principles of the [SCA], as it would result in the prohibition of redaction of otherwise publicly accessible records, and render public information exempt from disclosure.

*Grove*, 161 A.3d at 897 (emphasis added). Accordingly, because redacting identifiable information does not constitute the creation of a record, the District's argument is without merit.

The District next asserts that records that are wholly exempt from disclosure under FERPA need not be redacted and released. The District contends that, since the requested student-level attendance reports are education records under FERPA, a federal law, the presumption under Section 305 of the RTKL, 65 P.S. § 67.305, that agency records are public does not apply, and Section 306 of the RTKL, 65 P.S. § 67.306, requires deference to FERPA's privacy mandates. The District

7

declares that, pursuant to FERPA regulations, the District may release only *directory information* without consent. *See* 34 C.F.R. § 99.31(b)(1). FERPA regulations generally define "directory information" as "information contained in an education record of a student that would not generally be considered harmful or an invasion of privacy if disclosed." 34 C.F.R. § 99.3. "Directory information" includes "dates of attendance." *Id*. The District emphasizes that FERPA regulations expressly exclude from the definition of "directory information" the "specific daily records of a student's attendance at an educational agency or institution." *Id*.

Requesters rejoin that the District's argument improperly attempts to relieve the District of its burden under Section 708(b)(1) of the RTKL, 65 P.S. § 67.708(b)(1), to prove a record is exempt from public disclosure.[10] Moreover, Requesters retort that the Pennsylvania Supreme Court in *Easton Area School District v. Miller*, 232 A.3d 716 (Pa. 2020), a plurality opinion, addressed and rejected the District's exact argument. Requesters maintain that this Court has subsequently adopted the *Easton* Court's holding that FERPA does not categorically bar public disclosure of education records. *See Cent. Dauphin Sch. Dist. v. Hawkins*, 253 A.3d 820, 834 (Pa. Cmwlth.), *appeal granted* (Pa. No. 287 MAL 2021, filed Nov. 30, 2021).

> Section 305(a) of the RTKL provides:
>
> A record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record. The presumption shall not apply if:
>
> (1) the record is exempt under [S]ection 708 [of the RTKL];
>
> (2) the record is protected by a privilege; or

---

[10] The District does not argue to this Court that the exemption under Section 708(b)(1) of the RTKL applies herein.

(3) the record is exempt from disclosure under any other [f]ederal or [s]tate law or regulation or judicial order or decree.

65 P.S. § 67.305(a). Section 306 of the RTKL states: "Nothing in this act shall supersede or modify the public or nonpublic nature of a record or document established in [f]ederal or [s]tate law, regulation or judicial order or decree." 65 P.S. § 67.306. Pursuant to Section 708(b) of the RTKL, "the following are exempt from access by a requester under th[e] [RTKL]: (1) A record, the disclosure of which: (i) would result in the loss of [f]ederal or [s]tate funds by an agency or the Commonwealth[.]" 65 P.S. § 67.708(b).

> The *Easton* Court explained:
>
> [T]o avail itself of an exemption from disclosure under RTKL Subsection 305(a)(3), the District had the burden of proving the [requested records were] exempt from disclosure to a public record requester under FERPA, which requires a context-specific (i.e., fact-sensitive) assessment constrained by competing obligations to maintain student confidentiality alongside public transparency, notwithstanding its own interests.

*Easton*, 232 A.3d at 730 (italics omitted).

> Section 93.31(b)(1) of FERPA's Regulations provides:
>
> De-identified records and information. **An educational agency or institution**, or a party that has received education records or information from education records under this part, **may release the records or information without the consent required by** [**Section**] **99.30** [**of FERPA's Regulations**] **after the removal of all personally identifiable information** provided that the educational agency or institution or other party has made a reasonable determination that a student's identity is not personally identifiable, whether through single or multiple releases, and taking into account other reasonably available information.

34 C.F.R. § 99.31(b)(1) (emphasis added). The *Easton* Court clarified:

9

[A]s is clear from the regulations promulgated pursuant to FERPA, even an education record ordinarily protected from disclosure to all but an eligible student or her parent may be disclosed without consent if the student's personally identifiable information has been removed. *See* 34 C.F.R. § 99.31(b)(1).

*Easton*, 232 A.3d at 730.

Accordingly, a FERPA-compliant educational institution must not release the students' personally identifiable information . . . to the extent the students are reasonably identifiable - to anyone other than the parent or eligible student, absent one of the conditions listed under [Section 132g(b)(1) of] FERPA . . . (which do not include release of information to the press or a to [sic] public records requester), without proper consent, or a judicial order or subpoena. Yet, that same institution may release the [requested records], despite [their] status as [] education record[s], once the students' identifiable [information] ha[s] been redacted. We therefore conclude: [**the requested records**] **are exempt from disclosure under FERPA and its regulations**, **and are thereby excluded from the RTKL**'s **disclosure requirements pertaining to public records**; **however**, **insofar as the** [**requested records**] **can be redacted to remove their personally identifiably information**, **the** [**requested records are**] **not exempt**, **and** [**they**] **therefore must be disclosed**. *See* [Section 102 of the RTKL,] 65 P.S. §§ 67.102, 67.305(a)(3).

*Easton*, 232 A.3d at 730-31. For the foregoing reasons, the District's argument fails.

Alternatively, the District argues that, even if the student-level daily attendance records are not wholly exempt from public access, the trial court erred as a matter of law when it ordered the District to provide the requested data with student identifiers redacted. The District asserts that simple redaction does not *sufficiently* de-identify student-level daily attendance records, and an agency is not required to create a new record in order to de-identify information. The District contends that

the redacted requested records would still include personally identifiable information as defined in FERPA's Regulations.[11]

Section 99.3 of FERPA's Regulations defines "[p]ersonally [i]dentifiable [i]nformation" to include but not be limited to *inter alia* "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person *in the school community*, **who does not have personal knowledge of the relevant circumstances**, to identify the student with reasonable certainty[.]" 34 C.F.R. § 99.3 (italic and bold emphasis added). The District's argument that the requested records in combination with other records would allow a reasonable person in the school community to identify the student with reasonable certainty only makes sense if the person in the school community has personal knowledge. Thus, if the person already has personal knowledge, "then withholding the [requested records] would not serve the purposes of protecting the privacy of the student under FERPA." *Hawkins*, 253 A.3d at 834. Accordingly, the District's alternative argument also lacks merit.

Finally, the District argues that Section 705 of the RTKL does not require the District to create a new record in order to adequately de-identify student-level attendance records, and cites to the U.S. Department of Education Privacy Technical Assistance Center (Guidelines) as support for its position.[12] The District

---

[11] Requesters rejoin that the District is raising this "factual allegation[]" for the first time on appeal and, therefore, it is waived. Requesters' Br. at 16. Requesters cite *McKelvey v. Pennsylvania Department of Health*, 255 A.3d 385 (Pa. 2021), to support their position. However, the *McKelvey* Court specifically referred to withholding evidence and then supplementing the record with new evidence at later stages of the proceedings. *See id.* Because Requesters do not claim, and the District did not "withhold evidence, [and] then introduce new evidence" at the appeal stage, the District did not waive this argument. *McKelvey*, 255 A.2d at 409. To the extent Requesters contend the District cannot now rebut Requesters' evidence before the trial court with new allegations, this Court agrees, and has not considered any new information in this decision.

[12] The U.S. Department of Education established the Privacy Technical Assistance Center (PTAC) as a "one-stop" resource for

11

declares that, because providing fully de-identified information would require creation of a new record, the District properly denied the Requests, and the OOR's Final Determination ordering release of partially de-identified individual student-level data should be reversed. Requesters rejoin that those Guidelines provide that "de-identification is considered successful when there is no reasonable basis to believe that the remaining information in the records can be used to identify an individual." *Data De-Identification: An Overview of Basic Terms* https://studentprivacy.ed.gov/sites/default/files/resource_document/file data_deidentification_terms.pdf (last visited Dec. 17, 2021). The District, which has the burden of proof, presented no evidence to establish how the requested student attendance data, with student identifiers redacted, could be used to identify students.

After conducting an evidentiary hearing, the trial court concluded:

> Given that [the District] was capable of making such information publically [sic] available on its website in redacted form for an instruction manual for teachers, staff, and parents to access, it is unclear why the same information could not be made readily available on a wider basis for the general student population in a given school district. Further, because a large portion of the information sought had already been made readily available by [the District] in the form of its instruction manual for the [] District's Master Schedule Attendance Report System, it is also unclear as to why [the District]

---

education stakeholders to learn about data privacy, confidentiality, and security practices related to student-level longitudinal data systems. PTAC provides timely information and updated guidance on privacy, confidentiality, and security practices through a variety of resources, including training materials and opportunities to receive direct assistance with privacy, security, and confidentiality of longitudinal data systems.

*Data De-Identification: An Overview of Basic Terms* https://studentprivacy.ed.gov/sites/default/files/resource_document/file/data_deidentification_terms.pdf (last visited January 11, 2022).

12

now claims it cannot produce virtually the same information on a much wider student basis to meet the needs [of] [Requesters'] RTKL [R]equest[s].

It should be noted that at the November 19, 2020[] hearing, [the District] offered no direct rebuttal to the exhibit produced by [Requesters] or explanation as to why the student identifiers could not be redacted for [Requesters] in the same manner as they had been redacted in the sample attendance reports contained in [Requesters' exhibit]. Given [the District's] failure to adequately explain how or why it could not produce the same attendance reports with student identifiers redacted for [Requesters], while at the same time making that exact type of information for an instruction manual publically [sic] available on its website, [the trial c]ourt was unable [to] find [the District's] claims [that] it was incapable of generating the reports credible. As such, [the trial c]ourt properly denied [the District's] appeal and affirmed the decision of the OOR.

R.R. at 32 (Trial Ct. Op. at 7). This Court sees no error in the trial court's reasoning.

Accordingly, the District's argument cannot stand.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The School District of Philadelphia, : 
                            Appellant : 
                                       : 
                v. : 
                                         : 
Jessica Calefati and the :     No. 1285 C.D. 2020
Philadelphia Inquirer : 

## O R D E R

AND NOW, this 12th day of January, 2022, the Philadelphia County Common Pleas Court's November 19, 2020 order is affirmed.

 

_____

ANNE E. COVEY, Judge