IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antwan L. Richardson,  :
                Appellant  :
                  :
            v.  :
                  :
Dauphin County (Office of Open  :  No. 348 C.D. 2024
Records)  :  Submitted:  October 8, 2024


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED:  November 21, 2024

        Antwan L. Richardson (Requester) appeals pro se from the Dauphin County (County) Common Pleas Court's (trial court) December 20, 2023 order denying his appeal from the Office of Open Records' (OOR) Final Determination (Final Determination) that dismissed his Right-to-Know Law (RTKL)[1] request as moot.  The only issue before this Court is whether the OOR properly dismissed Requester's request.[2]  After review, this Court affirms.

        Requester is an inmate at the State Correctional Institution at Houtzdale.  On February 5, 2022, Requester submitted an RTKL request to the County seeking "copies of the [] County Sheriff [O]ffice[] transport record log[] that

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] In his Questions Presented, Requester includes an additional three issues pertaining to a private criminal complaint he filed against the County's Open Records Officer at trial court docket No. CR-MD-0462-2023.  *See* Requester Br. at 4.  The trial court filed a memorandum opinion on November 22, 2023, addressing that complaint.  Because that matter is separate from the instant appeal and those issues are not before this Court, we will not address them.

contains [Requester's] name for transportation from the [] County Prison to the [] County Courthouse on the dates of 6-21-2018, 8-13-2018, and 9-26-2018 [(Request)]." Original Record Item 2 (O.R.) at 17. On February 24, 2022, the County granted the Request and forwarded responsive records pertaining to September 26, 2018, but not for June 21 and August 13, 2018. *See* O.R. at 18. On March 3, 2022, Requester appealed to the OOR, averring that the County had failed to forward documents for two of the three requested dates. *See* O.R. at 23. By March 30, 2022 letter to Requester, the County explained that it had inadvertently omitted responsive records requested for June 21 and August 13, 2018, and it forwarded additional responsive documents for those requested dates. *See* O.R. at 27(a); *see also* O.R. at 15(a)-16, 19(a)-20(a). The County further suggested that the RTKL appeal had been rendered moot by the County's production of the requested documents relating to June 21 and August 13, 2018. *See* O.R. at 27(a). On March 31, 2022, the OOR issued the Final Determination dismissing the RTKL appeal as moot. *See* O.R. at 9-12.

On April 8, 2022, Requester sent a letter to the OOR, stating: "The [] County Sheriff [O]ffice's Prisoner Log Sheet for the date of 6-21-2018, that was sent to me in response to this appeal is totally unintelligible [sic] with a dark [b]lack shading over it. ([A]ttached). Can you send me a copy that is readable?" O.R. at 15. Requester copied the letter to the County Open Records Officer. *See id.* By April 14, 2022 letter, the County Open Records Officer responded: "I received a copy of your April 8, 2022 letter (enclosed) requesting legible copies of the June 21, 2018 log sheet provided to you in the response to OOR Dkt. AP 2022-0610. Enclosed, please find three (3) sets of copies, each progressively lightened during reproduction from the original file." O.R. at 85(a); *see also* O.R. at 18(a)-19.

On April 19, 2022, Requester appealed to this Court. *See* Pa. Cmwlth. No. 410 C.D. 2022. By September 15, 2023 Order (exited September 26, 2023), this

2

Court transferred the matter to the trial court. On December 20, 2023, the trial court denied Requester's appeal. On January 19, 2024, Requester appealed to the Pennsylvania Superior Court (Superior Court). By April 1, 2024 order, the Superior Court transferred the matter to this Court.[3]

Requester argues that the records that the County sent to him in response to his RTKL request were redacted with dark black shading over the entire pages, without expressing any reason for the redaction or declaring any exceptions as required by Section 708(b) of the RTKL.[4] However, this Court's review of the record reveals that the County Open Records Officer sent lightened versions of the darkened records within days of receiving Requester's April 8, 2022 letter advising of the darkened pages. The OOR rejoins that because Requester has already received the records he requested from the County's Open Records Officer, the OOR properly dismissed Requester's appeal as moot.

The Pennsylvania Supreme Court has explained:

The mootness doctrine requires an actual case or controversy to exist at all stages.

It is a well-established principle of law that this Court will not decide moot questions. The articulation of

---

[3] This Court's "review of a trial court's order in a[n] RTKL dispute is 'limited to determining whether findings of fact are supported by [substantial] evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision.'" *Butler Area Sch. Dist. v. Pennsylvanians for Union Reform*, 172 A.3d 1173, 1178 n.7 (Pa. Cmwlth. 2017) (quoting *Kaplin v. Lower Merion Twp.*, 19 A.3d 1209, 1213 n.6 (Pa. Cmwlth. 2011)). "The scope of review for a question of law under the [RTKL] is plenary." *SWB Yankees LLC v. Wintermantel*, 999 A.2d 672, 674 n.2 (Pa. Cmwlth. 2010) (quoting *Stein v. Plymouth Twp.*, 994 A.2d 1179, 1181 n.4 (Pa. Cmwlth. 2010), *aff'd*, . . . 45 A.3d 1029 ([Pa.] 2012)).

*In re Melamed*, 287 A.3d 491, 497 n.11 (Pa. Cmwlth. 2022) (quoting *Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 178 n.8 (Pa. Cmwlth. 2019)).

[4] 65 P.S. § 67.708(b) (relating to exceptions for public records).

the mootness doctrine . . . was acknowledged in our decision in *In re Gross*, . . . 382 A.2d 116 ([Pa.] 1978) as follows:

> The problems arise from events occurring after the lawsuit has gotten under way - changes in the facts or in the law - which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that "an actual controversy must be extant at all stages of review. . . ." G. Gunther, Constitutional Law 1578 (9th ed. 1975).

[*In re Gross*,] 382 A.2d at 119. **An issue can become moot during the pendency of an appeal due to an intervening change in the facts** of the case or due to an intervening change in the applicable law.

*In re Cain*, . . . 590 A.2d 291, 292 ([Pa.] 1991).

*Dep't of Env't Prot. v. Cromwell Twp.*, 32 A.3d 639, 651 (Pa. 2011) (emphasis added). Where the requested documents responsive to an RTKL request are provided, the RTKL appeal is technically moot unless an exception applies.[5] *See Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila.*, 49 A.3d 445 (Pa. Cmwlth. 2012).

Here, the case or controversy ended when Requester received the lightened records. It was of no moment that Requester received the lightened records after the OOR issued its Final Determination. Because the County provided the requested documents to Requester, thereby ending the case or controversy, and Requester has not claimed an exception to the mootness doctrine, the OOR properly determined that Requester's appeal was moot. Accordingly, the trial court did not err by affirming the OOR's Final Determination.

---

[5] "There are two exceptions to the mootness doctrine: the first is when the issue presented 'is one of great public importance;' and the second is when the issue 'is one that is capable of repetition yet evading review.'" *Dailey v. Pa. Lab. Rels. Bd.*, 148 A.3d 920, 926 (Pa. Cmwlth. 2016) (quoting *Ass'n of Pa. State Coll. & Univ. Facs. v. Pa. Lab. Rels. Bd.*, 8 A.3d 300, 305 (Pa. 2010)). Neither exception applies herein.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antwan L. Richardson,          :
               Appellant     :
                         :
         v.            :
                         :
Dauphin County (Office of Open   :   No. 348 C.D. 2024
Records)                    :

## O R D E R

AND NOW, this 21st day of November, 2024, the Dauphin County Common Pleas Court's December 20, 2023 order is affirmed.

_____
ANNE E. COVEY, Judge