OPINION BY JUDGE SIMPSON In these consolidated appeals under the Right-to-Know Law (RTKL),[1] we are asked whether addresses contained in property tax assessment records, that are public under statute[2] and case law, are protected by the right to privacy in Article 1. Section 1 of the Pennsylvania Constitution, as construed by our Supreme Court in Pennsylvania State Education Association (PSEA) v. Department of Community & Economic Development, 148 A.3d 142 (Pa. 2016) (PSEA III). Pennsylvanians for Union Reform (Requester) appeals from two orders issued by the Butler County Court of Common Pleas (trial court) that denied access to addresses it requested under the RTKL. Specifically, Requester sought the property tax assessment list (Property List) from the Butler Area School District (School District), as well as its Superintendent’s home address. The Office of Open Records (OOR) upheld the School District’s denial of addresses of public school employees based on a single-judge order issued by this Court in litigation brought by PSEA. During the PSEA litigation, this Court enjoined OOR from ordering’ disclosure of school employees’ home addresses based on a constitutional right to privacy (Injunction Order). Relevant here, OOR directed the School District to redact public school employees’ home addresses from the Property List. Citing the Injunction Order, the trial court vacated OOR’s redaction order, and permitted the School District to withhold the entire Property List. Because the trial court erred in upholding the denial of access to addresses contained in the Property List, we reverse the trial court’s orders and direct disclosure. I. Background Relevant here, Requester submitted a RTKL request to the School District seeking the Superintendent’s, home address[3] and an unredacted copy of the most recent Property List. See Reproduced Record (R.R.) at 5a (Request). The School District denied access, citing the Injunction Order in the PSEA litigation. Requester timely appealed to OOR. OOR permitted.both parties to supplement the record. The School District submitted an affidavit of its Director of Business Services, Catherine Rodgers. R.R. at 84a (Affidavit). She attested that the property tax assessment records do not identify property owners’ employers. As a result, the School District could not redact home addresses of public school employees from the Property List. Requester argued the Injunction Order did not bind school districts. In addition, it asserted the Injunction Order was contrary to this Court’s subsequent decisions holding home addresses were not protected by a right to privacy.[4] OOR issued its final determination denying the appeal in part, reasoning the Injunction Order precluded it from directing access to public school employees’ home addresses. Pennsylvanians for Union Reform (PFUR) v. Butler Area Sch. Dist., OOR Dkt. No. AP 2014-0777 (Final Determination). The-Injunction Order stated in pertinent part: “The release of records maintained by public school districts that contain the home addresses of public school employees is hereby stayed until further order of this court.” R.R. at 80a (emphasis added). It further provided “[OOR] is enjoined-' from directing the release of records maintained by public school districts that contain the home address of public school employees pursuant to the [RTKL] until further order of this court.” Id. at 88a. Pursuant to the Injunction Order, OOR directed the School District to redact the home addresses of public school employees from the Property List. Both the School District and Requester appealed to the trial court. Requester challenged the Final Determination for requiring redaction of public school employees’ addresses from the Property List. It also argued the Injunction Order did not govern the School District.' The School District challenged OOR’s redaction directive, asserting impossibility of performance because the Property List contained no employer information. After argument, the trial court relied on the record created before OOR. As to Requester’s appeal, the trial court affirmed denial of the Superintendent’s home address. By separate order, the trial court granted the School District’s appeal, vacating- the part of the Final Determination requiring redaction of the Property List. Requester appealed both orders to this Court. As directed by the trial court, Requester filed concise statements of the errors complained of on appeal under Pa. R.A.P. 1925(b). In its nearly identical Rule 1925(a) opinions, the trial court reasoned it was bound by the Injunction Order because it was issued by a higher court. Tr. Ct., Slip Op., 10/15/14, at 7 (Dirt. No. 14-40163). As a consequence, the trial court permitted the School District to withhold the entire Property List. After briefing, this Court, scheduled the appeals for argument. Subsequently, our Supreme Court clarified that the 2009 injunction as to disclosure of public school employees’ home addresses continued as modified by the 2014 Injunction Order. Upon Requester’s application, we stayed the matter pending the Supreme Court’s disposition of the PSEA litigation. Relevant here, our Supreme' Court issued PSEA HI in October 2016. In- so doing, our Supreme Court confirmed the right to privacy construed to protect home addresses sought under the predecessor to the RTKL (Former Law[5]) remained -in force as embedded in Article I, Section 1 of the Pennsylvania Constitution. This Court consolidated the appeals and requested supplemental briefs as to the effect of PSEA III. Requester argued PSEA III did not compel withholding of the Property List. The Pennsylvania NewsMedia Association submitted an ami-cus curiae brief aligned with Requester’s position. The School District moved to strike the.appeals based on mootness; Requester answered. Following argument on the motion, this Court denied it. After argument,[6] the -matter is ready for disposition. II. Discussion A. Contentions In these consolidated appeals,[7] Requester argues the trial court erred in holding the Injunction Order enjoins the School District from- disclosing home addresses of public school employees because the School District was not a party to the PSEA litigation. It contends the Injunction Order did not bind the trial court. Regardless, it maintains, the trial court erred in extending the Injunction Order to protect the entire Property List. .Requester emphasizes that the Property List is a public record under statute and case law construing the Former Law. The School District counters the trial court’s opinion was in conformity with the Injunction Order. It argues the Injunction Order bound school districts, because it required OOR to notify all school districts that disclosure of.home addresses were stayed pending resolution of the PSEA litigation. It also contends the Injunction Order bound the trial court because this Court is a higher tribunal. Based on PSEA III, the School District asserts public school employees’ home addresses in the Property List are protected by a constitutional privacy right. B, Analysis “[T]he current RTKL, [compared to the Former Law}, ‘significantly expanded public access to governmental records .., with the goal of promoting government transparency.’ ” Pa. State Police v. Grove, 161 A.3d 877, 892 (Pa. 2017) (quoting Levy v. Senate of Pa., 619 Pa. 586, 65 A.3d 361, 368 (2013)). A “record” qualifies for access through the RTKL when it “documents a transaction .or activity of an agency.” Section 102 of the RTKL, 65 P.S. § 67.102 (emphasis added); see Highmark, Inc. v. Voltz, 163 A.3d 485 (Pa. Cmwlth. 2017) (en banc). As a local agency, the School District has a statutory duty to “provide public records ' in accordance with [the RTKL].” Section 302 of the RTKL, 65 P.S. § 67.302. Records in the School District’s possession are presumed “public” unless they are: (1) exempted by Section 708 of the RTKL; (2) protected by a privilege; or (3) exempted “under any other Federal or State law or .regulation or judicial order or decree.” Section 305 of the RTKL, 65 P.S. § 67.305 (emphasis added). State statutes that designate public nature supersede the RTKL. Section 306 of the RTKL, 65 P.S. § 67.306; see Highmark (holding insurance statutes, protected requested information). At the outset, we emphasize that the only record at issue in this appeal is the Property List.[8] Requester sought a list “that show[s] each property owner’s name and property address for properties within the geographic confines of the [S]chool [DJistrict.” R.R. at 5a (bold added, italics in original). The School District uses the Property List to prepare tax duplicates. See Section 677.1 of the Public School Code, 24 P.S. § 6-677.1.[9] Although it originated with the' county, the Property List qualifies as a record “of’ the School District because the School District uses it to conduct agency business. See Bagwell v. Dep’t of Educ., 76 A.3d 81 (Pa. Cmwlth. 2013) (en banc). 1. Judicial Order Under the RTKL, an agency may withhold a record based on a judicial order. Section 305(a)(3) of the RTKL, 65 P.S. § 67.305(a)(3). Here, the trial court relied on the Injunction Order to exempt the Property List in its entirety. In so doing, the trial court fell into error. Importantly, the judicial order that forms the básis for exempting a record from disclosure must apply to the record at issue. Office of Dist. Att’y of Phila. v. Bagwell, 155 A.3d 1119 (Pa. Cmwlth. 2017). Our examination of the language of the Injunction Order reveals that it pertained to the home addresses of public school employees only. However, there was no evidence that established the Property List contained public school employees’ home addresses. Indeed, the School District submitted evidence that it could not differentiate between the property addresses contained in the Property List based on employer, because employers were not identified. R.R. at 84a. The School District had the burden to prove the application of its exemption. Pure speculation as to a record’s contents is not evidence that may substantiate an exemption. The trial court ‘cautiously, but erroneously, construed the Injunction Order to apply to all property addresses contained in the Property List. In so doing, the tidal court in effect extended the Injunction Order beyond its terms. In addition, as OOR recognized, the Injunction Order was limited to home addresses only. Hdwever, there is no. evidence that all property addresses contained in the Property List correspond to home addresses.[10] Further, the School District asserted no grounds to protect the entire record beyond the alleged impossibility of redaction. Thus, the trial court had no legal basis for- vacating OOR’s order to the extent it required redaction of certain home addresses from the Property List. ' In vacating OOR’s redaction requirement, the trial court did not apply the redaction mandate under the RTKL. Section 706 of the RTKL, 65 P.S. § 67.706, provides that records shall be disclosed with the protected parts redacted. Our Supreme Court requires redaction to ensure that public parts of records are disclosed in accordance with the RTKL. See Grove; Pa. Pub. Util. Comm’n v. Seder/The Times Leader, 635 Pa. 570, 139 A.3d 165 (2016). Additionally, the Injunction Order bound only the parties to the PSEA litigation. Paterra v. Charleroi Area Sch. Dist., 22 Pa.Cmwlth. 451, 349 A.2d 813 (1975). The School District was not a party to, and did not otherwise participate in, the PSEA litigation. In short, the trial court, erred by allowing the School District to withhold the entire Property List. However, that does not end our inquiry as the Injunction Order was for all intents and purposes supplanted by PSEA III. 2. PSEA III & Privacy Right In PSEA III, our Supreme Court held the right to informational privacy is guaranteed by Article 1, Section 1 of the Pennsylvania Constitution. It safeguards certain “inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing [citizens’] own happiness.” PA. Const. art. I, § 1. Notably, in holding public school employees enjoyed a right to privacy in their home addresses, the Court drew upon its precedent construing the Former Law. Decisions under the Former Law recognized a right to privacy inuring in three types of identifiers: Social Security numbers, telephone numbers and home addresses. See Tribune-Review Publ’g Co. v. Bodack, 599 Pa. 256, 961 A.2d 110 (2008); Penn State Univ. v. State Emps.’ Ret. Bd., 935 A.2d 530 (Pa. 2007) (PSU v. SERB); Sapp Roofing Co. v. Sheet Metal Workers’ Int’l Ass’n, Local Union No. 12, 552 Pa. 105, 713 A.2d 627 (1998) (plurality op.); see also Times Publ’g Co., Inc. v. Michel, 159 Pa.Cmwlth. 398, 633 A.2d 1233 (1993). In PSEA III, our Supreme Court recognized the continued vitality of that privacy jurisprudence under the current RTKL. Analyzing the scope of the right to privacy under Article I, Section 1, our Supreme Court explained “the right ... concerns avoiding disclosure of personal matters. The object of such a right is, in part, to protect an individual from revealing matters which could impugn his character and subject him to ridicule or persecution.” Stenger v. Lehigh Valley Hosp. Ctr., 530 Pa. 426, 609 A.2d 796, 800 (1992). In Stenger, the Court noted the right is not offended when the information is rendered anonymous. It explained: “With no name associated with the disclosure, no disrepute can occur.” Id. at 800-01. A home address is a type of information that may be considered .a personal matter. Bodack; PSU v. SERB; Sapp Roofing. In sharp contrast, the Property List is a record of owners of taxable real property that has been assessed to generate revenue for the government. A property address contained in the Property List correlates to a taxable property, not. necessarily to a person’s home. Even the mailing address a property owner provides to a taxing authority is not necessarily a home address. Goppelt v. City of Phila. Revenue Dep’t, 841 A.2d 599 (Pa. Cmwlth. 2004). Thus, an address contained in the Property List is not necessarily a personal identifier like a personal telephone number or Social Security number, as generally set forth in Bodack, PSU v. SERB and Sapp Roofing. Cognizant of the material differences in the information at issue, we do not equate home addresses of specified individuals to addresses contained in the Property List, that correspond to properties taxed regardless of who lives there. Goppelt. Accordingly, we consider a request for the Property List based on its content and the nature of the record. Easton Area Sch. Dist. v. Baxter, 35 A.3d 1259 (Pa. Cmwlth. 2012). a. Public Nature Pennsylvania has a longstánding practice of mandating access to property assessment records. See Dooley v. Luzerne Cnty. Bd. of Assessment Appeals, 168 Pa. Cmwlth. 242, 649 A.2d 728 (1994); Westmoreland Cnty. Bd. of Assessment Appeals v. Montgomery, 14 Pa.Cmwlth. 50, 321 A.2d 660 (1974) (en banc) (recognizing public nature of assessment records). Dooley involved access to property assessment records under the Former Law. In Dooley, the requester submitted a RTKL request for access to the property assessment records maintained by the Luzerne County Board of Assessment Appeals. The County advised -the requester he could not review the assessment cards under the Former Law. Rather, he would have to pay $1 to purchase a copy. This Court held the assessment records were public and ordered the agency to make them available under the Former Law. Property tax assessment records are also public by statute. The Consolidated County Assessment Law, applicable to counties of the 4th through 8th classes,[11] provides for public inspection of the assessment rolls as follows: (1)The assessment roll shali be open to public inspection at the county assessment office during ordinary business hours.... * * * * (ii) The place where and "time when the assessment roll will be open for inspection. (2)This subsection shall not be construed to limit the right of any resident of this Commonwealth to access public records in accordance with the [RTKL]. 53. Pa. C.S. § 8841(d) (emphasis added). The access provision in the Consolidated County Assessment Law thus supplements the RTKL. Seder, 139 A.3d at 174 (statute’s reference to RTKL shows intent to “supplement... access,” not limit it). As to Second Class counties, a similar property list is also, public. 72 P.S. § 5452.18.[12] The relevant provision provides: “Any taxpayer may, at any time during office, hours, have access to the records of taxable property and be permitted to copy therefrom a list of taxable property.” Id. The Property List is well-established as a public record to which the public has a right of access. Moreover; the address of an assessed property is an essential component of the assessment for tax purposes. In other words, as’ discussed below, a list of assessed properties is of little use without the addresses of the properties. Nevertheless, the public nature of the Property List does not necessarily conflict with an individual’s right to informational privacy under our state constitution. b. Privacy Interest Under Article I, Section 1 of the Pennsylvania Constitution, an individual has a constitutional right to. protect personal information from disclosure. Sténger. Certain information' is categorically protected as personal, such as medical records. See, e.g., In re T.R., 557 Pa. 99, 731 A.2d 1276, 1280 (1999) (upholding privacy of psychiatric records); Stenger (blood donor AIDS screening tests). When the type of information is not categorically protected,[13] privacy analysis consists of two steps. The first' step is assessing whether the information at issue is sufficiently personal in nature to trigger .protection' as a privacy interest. The second step is weighing an individual’s privacy interest in nondisclosure against an interest in disclosing the personal information. When the balance favors nondisclosure, courts enforce an individual’s privacy right. However, before reaching- the balancing test, we must first discern a cognizable privacy interest in the information at issue. PSEA III did not analyze the personal nature of addresses generally. Instead, the Supreme Court emphasized that a home address, like a personal telephone number or Social Security number, is personal in nature based on three cases analyzing access under the Former Law: Bodack (as to personal telephone numbers); PSU v. SERB; and, Sapp Roofing (requiring redaction of personal identifiers, including employees’ addresses and Social Security numbers). In PSU v. SERB, salaries and credited service information of PSU employees, including Joe Paterno, were at issue. In determining whether salary information was sufficiently personal in nature to qualify for protection, our Supreme Court considered the reasonableness of the expectation that such information would be treated confidentially. In holding the salaries were public, it reasoned “[t]here can be no reasonable expectation that the Commonwealth will keep its finances secret from the general public.” Id. at 540. In so holding, it discounted the individual’s subjective expectation of privacy based on PSU’s confidentiality policy. Thus, the Court considered both subjective and objective elements in evaluating the personal nature of the information. The Court also emphasized that the information was submitted voluntarily. Id. (“The minute any individual or entity voluntarily submits any information to the Commonwealth for the purpose of deriving, a financial benefit and acquires such benefit or a contractual interest therein, that information ceases to be private in nature.”). Whether an address deserves protection as a privacy interest depends in part on the relationship of the address to the record requested. In Goppelt, this Court determined a list of off-site mailing addresses of delinquent tax properties was public. Importantly, there was no question that the list of property addresses was public. The only issue before this ■ Court was whether the off-site mailing addresses of property owners were public. In Goppelt, we explained the mailing addresses were essential components of records of tax delinquencies the agency was required to maintain.[14] We emphasized “it is significant that the ■ addresses are voluntarily submitted by the property owners and are not necessarily their home addresses.” Id. at 606 (emphasis added). Further, we reasoned “significant is the fact .that the General Assembly has legislated with regard to the board of tax revisions in each county that the address of a property owner must be made available when requested.” Id. We also noted an owner’s privacy interest in his or her mailing address was “highly speculative and would only apply to absent property owners who chose to provide their home addresses as an alternative address.” Id. Employing the same analysis our Supreme Court adopted in PSEA III, the Goppelt Court reasoned that the benefit of disclosing the off-site mailing addresses (i.e., addresses different than the indisputably public property address) outweighed any privacy interest in nondisclosure. Statutory considerations also influence the public nature of an address. This Court protected home addresses of earned income taxpayers as confidential identifiers in Juniata Valley School District v. Wargo, 797 A.2d 428 (Pa. Cmwlth. 2002). There, we held that identities of individuals who paid earned income tax, and their home addresses, qualified as “confidential tax information” protected by the Local Taxpayers Bill of Rights Act (Act), 53 Pa. C.S. § 8437. Ultimately, the source of the record containing the requested information dictated public status. The Act expressly protects from disclosure information obtained from earnéd income tax returns. Id. We reasoned that since home addresses were obtained from taxpayers’ returns, the addresses constituted “confidential tax information.” Wargo. Notably, Section 8438 of the Act, 53 Pa. C.S. § 8438, provides that the sub-chapter does not apply to taxes on real property. Thus, the General Assembly expressly declined to extend confidentiality protection to real property taxes. Based on the Act, an individual had a reasonable expectation that information contained in a return would be kept confidential. At this point, neither PSEA III nor appellate decisions construing the Former Law have recognized that an address is personal information when it is unclear that the requested address correlates to an individual’s home. Goppelt. Thus, we consider whether a property address, as distinguished from a home■ address, is of a personal nature so as to trigger a balancing analysis. c. Assessing Personal Nature The foregoing appellate decisions teach us that certain factors are constant when evaluating a privacy interest in information. One is an individual’s reasonable expectation that the information is of a personal nature. PSU v. SERB. When information is public as a matter of statute, it is unreasonable for a person to expect that it is of a personal nature. Cf. Wargo. Another factor is how the agency obtained the information: when an individual voluntarily submits information, it may be disclosed, Goppelt; whereas, information obtained by an agency premised on statutory confidentiality is protected, see Highmark; Wargo. Also, the context holds additional significance, as does whether the information is an essential component of a public record. PSU v. SERB; Sapp Roofing; Goppelt. Applying these factors here, the Property List does not qualify as, sufficiently personal in nature to trigger a balancing test. First and foremost, the Property List is a public record, by statute. 53 Pa. C.S. § ■ 8841(d). The statutory public nature of the information precludes a subjective or objective expectation that addresses contained therein are personal. In essence, the General Assembly already determined the necessity for access to property tax records outweighs any right to shield the addresses from view. Second, the Property List shows the ownership of real property. Ownership of real property is hot an inherently personal matter. At their core, real property tax records document sources of government revenue. Property addresses corréspond to properties within a taxing district regardless of owner identity. Address information is integral to the Property List. Without a property address, a property tax assessment record is of little value. Further, addresses within the Property List are essential parts of tax assessment records. Such address information is necessary for tax assessments, which affect the public fisc. By virtue of its purpose and context, an address contained in the Property List is public in nature. Third, the source of the information contained in the Property List is not necessarily an individual. Cf. Wargo. Indeed, the real property listed in property tax records may be owned by corporations or other entities. The constitutional right to informational privacy only inures to individuals. Stated differently, individuals, as distinct from “persons” (which may include corporations), may assert a privacy interest under Article I, Section 1. Fourth, PSEA III held that privacy jurisprudence under the Former Law guides which records implicate a privacy interest that warrants constitutional protection. That case law does not support a privacy interest in a property address, as distinguished from a home address. Goppelt; Dooley. By linking home addresses with personal telephone numbers and Social Security numbers, it is evident that applicable precedent protects personal identifiers. See Bodack; PSU v. SERB; Sapp Roofing. In sum, PSEA III does not require a longstanding public record like the Property List to be subjected to a balancing test. Addresses contained in the Property List are fundamentally different from the public school employees’ home addresses at issue in PSEA III. In a request for a home address of a specified individual or group of individuals, the address becomes a personal identifier, and a means of disturbing an individual in his own home. See, e.g., Hartman v. Dep’t of Conserv’n & Natural Res., 892 A.2d 897 (Pa. Cmwlth. 2006) (protecting names and home addresses of snow mobile owners under Former Law). Although a request fpr a home address that is tied to an individual implicates a judicial balancing test, á request for the Property List does not.[15] Based on statute and case law, we hold addresses contained in the Property List are not personal in nature. As a consequence, we diseem no individual privacy interest in nondisclosure that may be balanced against the public interest in disclosure. Therefore, the trial court erred in allowing the School District to withhold the entire Property List. III. Conclusion The Property List is a public record by statute and case law. For all the foregoing reasons, we reverse the trial court’s orders as to the Property List, and we direct the School District to disclose the Property List to Requester. ORDER AND NOW, this 2nd day of November, 2017, the orders issued by the Butler County Court of Common Pleas are REVERSED as to the requested property tax assessment records,[16] referred to as the Property List in the foregoing opinion, and the Butler Area School District is ORDERED to disclose the Property List, without redaction, to Appellant, Pennsylvanians for Union Reform. . Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104. . 53 Pa. C.S. § 8841(d). . During oral argument, Requester’s counsel clarified Requester no longer seeks the Superintendent’s home address, recognizing such a request triggers balancing under PSEA III. . In effect, PSEA III, 148 A.3d 142 (Pa. 2016), overruled our en banc decisions in Office of the Lieutenant Governor v. Mohn, 67 A.3d 123 (Pa. Cmwlth. 2013) and Office of the Governor v. Raffle, 65 A.3d 1105 (Pa. Cmwlth. 2013), holding there was no right to privacy in a home address. . Act of June 21, 19S7, P.L. 390, as amended, 65 P.S. §§ 66.1-66.4, repealed by Section 3102(2)(ii) of the RTICL, 65 P.S. § 67.3102(2)(ii). . During argument, the' School District’s counsel advised that if this Court holds the Property List is public, then the School District will provide it. . Our review of a trial court's order in a RTKL dispute is "limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision.” Kaplin v. Lower Merion Twp., 19 A.3d 1209, 1213 n.6 (Pa. Cmwlth.), appeal denied, 612 Pa. 693, 29 A.3d 798 (2011). . The Property List is comprised of the assessment roll of subjects of real estate taxation prepared by the county. Subjects of real estate taxation include homes, mobile homes/trailers, buildings permanently attached to land, mills and manufactories, office buildings and portions of structures that shelter machinery, tools or other equipment. 53 Pa. C.S. § 88.11, . Public School Code of 1949, Act of March . 10, 1949, P.L. 30, 24 P.S. § 6-67.7.1, added by the Act,of January 14, 1952, P.L. (1951) 1944. . Counsel for the School District conceded during argument that she did riot know whether the property addresses contained in the Property List corresponded to home addresses. . Generally school taxes are levied and assessed upon all property assessed by the county pursuant to the Consolidated County Assessment Law, 53 Pa. C.S. §§- 8801-8868, See Section 677 of the Public School Code, 24 P.S. § 6-677. . Section 18 of the Act of June 21, 1-939, P.L. 626. . Importantly, PSEA III did not hold home addresses are categorically protected as personal information. Rather, the privacy interest depended on the evidentiary record. Id. at 158 (upholding privacy right based “on the facts and circumstances presented here ...”). . Under the Former- Law, a requester bore the burden of proving a record was a "public . record” as either a minute/order/decision or 'an accounVvoucher/contract.' Section 1 of the Former Law, 65 P.S. § 66.1 (repealed). . Had we determined judicial balancing was necessary, a remand to the fact-finder would be necessary to weigh the interest in disclosure against the property owners’ privacy interests. See Dep't of Human Servs. v. PFUR, 154 A.3d 431 (Pa. Cmwlth. 2017) (en banc) (vacating OOR decision in part, remanding to allow OOR to conduct privacy balancing test); State Emps.’ Ret. Sys. v. Campbell, 155 A.3d 1153 (Pa. Cmwlth. 2017). . Because Appellant no longer challenges the denial of access as to the Superintendent’s home address, the appeal as to that information is moot.