IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Highlands School District | : | |
| | : | No. 163 C.D. 2020 |
| v. | : | |
| | : | Argued: October 15, 2020 |
| Brian Rittmeyer and Tribune-Review, | : | |
| | : | |
| Appellants | : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge

OPINION BY
JUDGE McCULLOUGH                                    FILED: December 3, 2020

Brian Rittmeyer and the Tribune-Review appeal from the January 6, 2020 order of the Honorable W. Terrence O'Brien of the Court of Common Pleas of Allegheny County (trial court), which reversed the final determination of the Office of Open Records (OOR) and denied Rittmeyer's Right-to-Know Law (RTKL)[1] request for the names of two employees of the Highlands School District (Highlands) who had been placed on unpaid leave.

**Background**

Rittmeyer is a staff writer for the Tribune-Review (collectively, Rittmeyer). Rittmeyer learned that, at a public school board meeting, Highlands had placed an employee on unpaid disciplinary leave. In order to protect the employee's

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

identity, Highlands referred to the employee as "employee #5381." (Trial Court Opinion, 4/27/2020 (Tr. Ct. Op.), at 1.) On February 18, 2019, Rittmeyer submitted a RTKL request seeking information about this employee, specifically the employee's name, job title, length of employment, salary, and a statement of the charges that resulted in the disciplinary action. Highlands provided Rittmeyer with the employee's job title, length of employment, and salary, but denied him access to the employee's name and the statement of the charges. Rittmeyer appealed to the OOR, contending that Highlands was obligated to disclose the employee's name. On April 30, 2019, the OOR granted Rittmeyer's appeal and ordered Highlands to provide Rittmeyer with the employee's name.

On April 16, 2019, Rittmeyer filed a similar request for information concerning another employee who also was placed on unpaid leave. This employee was identified as "employee #4367." *Id.* at 2. Highlands again refused to disclose the name of this employee, and Rittmeyer appealed to the OOR.[2] In a decision issued on June 13, 2019, which was nearly identical to that concerning employee #5381, the OOR ordered Highlands to provide Rittmeyer with the name of employee #4367.

Before the OOR, Highlands argued that the names of the employees were protected from disclosure under section 708(b)(7)(viii) of the RTKL, which excludes, in relevant part, "records relating to an agency employee," including "[i]nformation regarding discipline, demotion or discharge contained in a personnel file." 65 P.S. §67.708(b)(7)(viii). This exemption, however, "shall not apply to the final action of an agency that results in demotion or discharge." *Id.* The OOR concluded that section 708(b)(7)(viii) was inapplicable because Rittmeyer merely sought the names of the employees, not any record contained in their personnel files. Reasoning that the names

---

[2] Rittmeyer's appeals did not concern the statement of charges against either employee. Thus, only the employees' names are at issue in this appeal.

of public employees are generally considered public information, and further noting that Highlands lists the names of its employees on its website, the OOR concluded that Highlands failed to show that the names of the specific employees were exempt from disclosure under section 708(b)(7)(viii) of the RTKL. (Reproduced Record (R.R.) at 86a-87a; 126a-27a.)

Highlands appealed the OOR's orders concerning both employees to the trial court, and the matters were consolidated. The trial court reversed the OOR's determinations on January 6, 2020. In its supporting opinion, the trial court disagreed with the OOR concerning the applicability of the exception set forth at section 708(b)(7)(viii) of the RTKL. The trial court noted that the exception precludes disclosure of "[i]nformation regarding discipline, demotion or discharge contained in a personnel file," 65 P.S. §67.708(b)(7)(viii), and observed that, "[o]bviously, an employee's name is contained in the personnel file." (Tr. Ct. Op. at 4.) While the OOR relied upon the generally public nature of the names of public employees, the trial court opined that here, "it is not a random name that is requested, but the name of an employee in connection with disciplinary action." *Id.* To disclose the names of employees subject to discipline, the trial court opined, "would thwart the purpose of confidentiality." *Id.* The trial court concluded that an absurd result would occur if section 708(b)(7)(viii) of the RTKL was interpreted as exempting the statement of charges against the employees, but requiring disclosure of those employees' names. *Id.* The trial court reasoned that the "demotion or discharge" provision did not apply, inasmuch as Highlands' decision to place the employees on unpaid leave was not a "final action" resulting in their demotion or discharge. *Id.* Thus, in the trial court's view, section 708(b)(7)(viii) of the RTKL applied and protected the employees' names from disclosure.

3

The trial court further rejected Rittmeyer's suggestion that the RTKL was superseded by a provision of the Public School Code of 1949 (School Code).[3] Rittmeyer invoked section 1127 of the School Code, which provides:

> Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. A written notice signed by the president and attested by the secretary of the board of school directors shall be forwarded by registered mail to the professional employe setting forth the time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors and setting forth a detailed statement of the charges. Such hearing shall not be sooner than ten (10) days nor later than fifteen (15) days after such written notice . . . .

*Id.* at 5 (quoting 24 P.S. §11-1127).

The trial court observed that this section of the School Code requires a school board to issue a pre-termination resolution and to provide an employee with a statement of charges prior to a hearing on the matter. This did not conflict with the relevant provision of the RTKL, the trial court reasoned, because the contemplated action is not the "final action" to which section 708(b)(7)(viii) refers. Here, the court noted that Rittmeyer requested the records relating to the employees after the school board issued a pre-termination resolution authorizing disciplinary action and the issuance of a statement of charges to the employees, but before the board took any "final action" with respect to the employees' discipline. (Tr. Ct. Op. at 5.) Moreover, contrary to Rittmeyer's argument, the trial court observed that there is no statutory requirement that the pre-charge determination be made public. *Id.* at 6. The trial court

---

[3] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-101—27-2702.

4

further commented that, even if the pre-charge determination must be made public, the name of the employee would not be relevant because "it is the employee's conduct that is considered, not his or her identity." *Id.* Because it found the cited provision of the School Code inapplicable, and because the "RTKL keeps matters involving the discipline of employees confidential, unless there is a final action that results in demotion or discharge," the trial court concluded that Rittmeyer was not entitled to the the names of employee #5381 or employee #4367.

Rittmeyer appealed the trial court's order to this Court.[4] Rittmeyer presents a single question for review: whether the requested names are exempt from disclosure under the RTKL.

## Discussion

### A. The Parties' Arguments

Rittmeyer places little focus upon the RTKL itself, and instead contends that public disclosure of the employees' names is mandated not by the RTKL, but by the School Code. Rittmeyer emphasizes that, as discussed in *Reese v. Pennsylvanians for Union Reform*, 173 A.3d 1143, 1149-50 (Pa. 2017), the RTKL expressly states that, in the event of a conflict with another law concerning records access, the RTKL shall not apply. (Rittmeyer's Br. at 10.) Specifically, the RTKL states that, if its "provisions . . . regarding access to records conflict with any other Federal or State law, the provisions of [the RTKL] shall not apply." Section 3101.1 of the RTKL, 65 P.S.

---

[4] Our review of a trial court's order in a RTKL dispute is "limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision." *Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 178 n.8 (Pa. Cmwlth. 2019) (quoting *Butler Area School District. v. Pennsylvanians for Union Reform*, 172 A.3d 1173, 1178 n.7 (Pa. Cmwlth. 2017)). "The scope of review for a question of law under the [RTKL] is plenary." *Id.* (quoting *SWB Yankees LLC v. Wintermantel*, 999 A.2d 672, 674 n.2 (Pa. Cmwlth. 2010), *aff'd*, 45 A.3d 1029 (Pa. 2012)).

5

§67.3101.1; *see also* section 305(a)(3), (b)(3) of the RTKL, 65 P.S. §67.305(a)(3), (b)(3) (records in possession of a Commonwealth, local, legislative, or judicial agency shall be presumed to be public unless "the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree"). Because Rittmeyer interprets section 1127 of the School Code, *supra*, to require the disclosure of a professional employee's identity in order to initiate the disciplinary process, Rittmeyer contends that this provision of the School Code conflicts with section 708(b)(7)(viii) of the RTKL. Therefore, according to Rittmeyer, the School Code must prevail.

Rittmeyer adds that "to keep the employee's name anonymous would make the whole public requirement of a resolution an exercise in futility." (Rittmeyer's Br. at 10.) If the school board may pass a public resolution authorizing the initiation of a disciplinary process without identifying the employee subject to discipline, Rittmeyer asserts, then the members of the public attending the school board meeting would be "mere potted plants." *Id.* at 11. That is, without knowing the identity of the employee at issue, the public would be unable to offer any meaningful comment on the matter. *Id.*

Where the trial court observed that nothing in section 1127 of the School Code requires a "public" resolution, Rittmeyer invokes the Sunshine Act[5] to suggest the contrary. Rittmeyer acknowledges that section 708 of the Sunshine Act permits an agency to discuss employment matters in a private executive session rather than an open meeting, but stresses that "official action" on such matters must be taken at an open meeting. (Rittmeyer's Br. at 11 (citing 65 Pa.C.S. §708(c)). Rittmeyer further questions the trial court's suggestion that it is not the employee's name that is relevant

---

[5] 65 Pa.C.S. §§701-716.

to the initiation of disciplinary proceedings, but rather the employee's conduct. Rittmeyer suggests that there is no reason to draw a distinction between the employee's name and the employee's conduct, and states that "[b]oth facts would be statements in the employee[']s 'personnel file'" and are therefore "subject to non-disclosure under [section 708(b)(7)(viii)] of the RTKL." *Id.* at 13.

Highlands, by contrast, contends that the requested names fall within the RTKL's exception for "[i]nformation regarding discipline, demotion or discharge contained in a personnel file." (Highlands' Br. at 7 (quoting 65 P.S. §67.708(b)(7)(viii).) Highlands suggests that the purpose of this exception is to protect an employee's information until the conclusion of the disciplinary process, thereby ensuring that the employee receives due process before demotion or discharge.[6] Highlands further stresses that the employees at issue have not been subject to any final action resulting in their demotion or discharge, but rather, were placed on unpaid leave while the disciplinary process was pending. *Id.* at 8. Thus, in Highlands' view, the employees are entitled to continued confidentiality until there is a "final action" that "results in demotion or discharge." *Id.* (citing 65 P.S. §67.708(b)(7)(viii)). At this stage, the school board merely issued a resolution authorizing the *initiation* of the disciplinary process and the provision of a statement of charges to each employee, which is necessary to ensure that the employee receives due process, but does not guarantee that the employee ultimately will be demoted or discharged. *Id.* at 8-9. Highlands cautions that, if "a school is forced to reveal the names of employees placed

---

[6] Although the claim before us sounds in statutory construction and does not directly implicate constitutional due process jurisprudence, Highlands correctly notes that a tenured public employee is entitled to due process protections arising out of his property interest in the position. These procedural protections include "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *see also Burger v. School Board of McGuffey School District*, 923 A.2d 1155, 1157 n.2 (Pa. 2007).

on unpaid leave, such employees who retain their jobs will do so with the public's knowledge that they were the subject of potential discipline." *Id.* at 9.

Highlands argues that it fully complied with the steps outlined in the School Code, as discussed in this Court's decision in *School District of Philadelphia v. Jones*, 139 A.3d 358 (Pa. Cmwlth. 2016) (*en banc*). *Jones* made clear that section 1127 of the School Code requires a school board "to resolve to demote the employee and to furnish him with a written statement of the charges prior to the hearing." *Id.* at 368 (quoting *Patchel v. Wilkinsburg School District*, 400 A.2d 229, 232 (Pa. Cmwlth. 1979)) (emphasis omitted). Citing section 708 of the Sunshine Act, Highlands observes that the underlying discussions concerning the initiation of disciplinary proceedings may be held in a private executive session, but the school board's vote upon the resolution must take place in public. (Highlands' Br. at 11 (citing 65 Pa.C.S. §708(a), (c).) "Thus," Highlands summarizes, "what is now referred to as a *Jones* resolution is the public board action that authorizes the initiation of disciplinary proceedings against a school employee." *Id.* However, if that initial resolution was to require the disclosure of the employee's name, then the public would have access to "information regarding discipline or discharge contained in a personnel file *prior* to a final action of termination," which is information that remains confidential under the RTKL. *Id.* (citing 65 P.S. §67.708(b)(7)(viii)) (emphasis in original). This information must be protected at the initial resolution stage, Highlands suggests, because even if the employee then prevails later in the disciplinary process, the employee's reputation already would have been tarnished without due process. *Id.*

Highlands observes that the Sunshine Act requires official actions and deliberations of an agency to take place at a meeting open to the public, *unless* the purpose of the meeting is "[t]o discuss any matter involving the employment,

8

appointment, termination of employment, terms and conditions of employment, evaluation of performance, promotion, *or disciplining* [*sic*] of any specific . . . current public officer or employee employed or appointed by the agency . . . ." *Id.* at 12 (quoting 65 Pa.C.S. §708(a)(1)) (emphasis in original). Such matters may be discussed in an executive session that excludes the public. In Highlands' view, it is thus clear that matters involving the disciplinary process for employees—including the name of the employee to be disciplined—need not be disclosed to the public. *Id.* at 13. The duty to maintain the employee's confidentiality only ends, Highlands argues, upon a "final action" that "results in demotion or discharge." *Id.* (quoting 65 P.S. §67.708(b)(7)(viii)).

Disputing Rittmeyer's primary argument, Highlands contends that there is no requirement in section 1127 of the School Code, nor in any other provision of the School Code, that information concerning employee discipline be provided to the public. Section 1127 of the School Code, as discussed in *Jones*, merely requires school boards to "pass a resolution that has sufficient evidence to carry out due process procedures leading to discipline, demotion, or discharge of professional employees," but does not require the board to "publicly deliberate the merits of passing such a resolution." (Highlands' Br. at 14.) To do so, Highlands argues, would be contrary to the Sunshine Act, which permits such deliberations to be held in an executive session. *Id.* Highlands thus suggests that Rittmeyer's objection to the lack of public participation in the issuance of the resolution amounts to a disagreement with the plain language of the Sunshine Act, not with Highlands' application of the RTKL. *Id.*

Intervening in this matter is the Highlands Education Association, PSEA/NEA (Association), the exclusive collective bargaining unit for Highlands' professional employees, including the two employees whose names are presently at

9

issue.  The Association agrees with Highlands' position concerning the statutory requirements.  However, should we agree with Rittmeyer's statutory analysis, the Association urges us to affirm the trial court's order nonetheless, invoking the constitutional balancing test that our Supreme Court articulated in *Pennsylvania State Education Association v. Department of Community and Economic Development*, 148 A.3d 142 (Pa. 2016) (holding that the right to informational privacy under PA. CONST. art. I, §1, may not be violated unless outweighed by a public interest favoring disclosure).  (Association's Br. at 17-23.)  In light of our analysis and disposition below, we need not address this argument.

## B. Analysis

"The RTKL is remedial in nature and 'is designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions.'"  *Office of the Governor v. Davis*, 122 A.3d 1185, 1191 (Pa. Cmwlth. 2015) (*en banc*) (quoting *Pennsylvania State Police v. McGill*, 83 A.3d 476, 479 (Pa. Cmwlth. 2014) (*en banc*)).  Consistent with the RTKL's goal of promoting government transparency, "the exceptions to disclosure of public records must be narrowly construed."  *Id.*

As a local agency, Highlands is subject to the disclosure requirements of the RTKL.  *See Butler Area School District v. Pennsylvanians for Union Reform*, 172 A.3d 1173, 1179 (Pa. Cmwlth. 2017) ("As a local agency, the [s]chool [d]istrict has a statutory duty to "provide public records in accordance with [the RTKL].") (quoting section 302 of the RTKL, 65 P.S. §67.302).  Thus, records in Highlands' possession are presumed to be public records, unless they are (1) exempt from disclosure under section 708 of the RTKL; (2) protected by a privilege; or (3) exempt from disclosure

10

under any other federal or state law or judicial order or decree. Section 605(a) of the RTKL, 65 P.S. §67.605(a). As noted above, the exception at issue here is one set forth in section 708 of the RTKL, which provides, in relevant part:

> **(b) Exceptions.**--Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:
>
> * * *
>
> (7) The following records relating to an agency employee:
>
> * * *
>
> > (viii) Information regarding discipline, demotion or discharge contained in a personnel file. This subparagraph shall not apply to the final action of an agency that results in demotion or discharge.

65 P.S. §67.708(b)(7)(viii).

Rittmeyer appears to acknowledge that the requested employees' names fall within the ambit of section 708(b)(7)(viii) of the RTKL. Indeed, in challenging the trial court's conclusion that it is the employees' conduct, rather than their identities, that is relevant to the initiation of disciplinary proceedings, Rittmeyer concedes that both a description of the conduct *and the employees' identities* "would be statements in the employees['] 'personnel file' — subject to non-disclosure under [section 708(b)(7)(viii)] of the RTKL." (Rittmeyers' Br. at 12-13.) Rather than the applicable RTKL provision, Rittmeyer bases the argument for disclosure upon the School Code and the Sunshine Act, and relies upon the RTKL primarily for its limitation relating to other statutes. Section 3101.1 of the RTKL provides that, "[i]f the provisions of [the

11

RTKL] regarding access to records conflict with any other Federal or State law, the provisions of [the RTKL] shall not apply." 65 P.S. §67.3101.1.

Accordingly, our task is one of statutory interpretation, as we must determine whether the School Code or the Sunshine Act pose any conflict with the RTKL "regarding access to records." *Id.* The relevant section of the School Code, section 1127, sets forth the procedure that a school board must follow prior to dismissing a professional employee. Given its centrality to the parties' arguments, we reproduce this section in its entirety:

> Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. A written notice signed by the president and attested by the secretary of the board of school directors shall be forwarded by registered mail to the professional employe setting forth the time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors and setting forth a detailed statement of the charges. Such hearing shall not be sooner than ten (10) days nor later than fifteen (15) days after such written notice. At such hearing all testimony offered, including that of complainants and their witnesses, as well as that of the accused professional employe and his or her witnesses, shall be recorded by a competent disinterested public stenographer whose services shall be furnished by the school district at its expense. Any such hearing may be postponed, continued or adjourned.

24 P.S. §11-1127.

Interpreting this section, this Court has held that a school board must "resolve to demote the employee and to furnish him with a written statement of the charges prior to the hearing." *Jones*, 139 A.3d at 368 (quoting *Patchel*, 400 A.2d at

12

232) (emphasis omitted). However, section 1127 plainly contains no provision relating to public access to records. Section 1127 implicates the right of the *employee* to receive adequate process, and does not pertain to any right of the *public* to access information about that employee. Indeed, section 1127 contains no language whatsoever mandating public disclosure of the identity of the employee subject to the initiation of the disciplinary process. Accordingly, no conflict between section 1127 of the School Code and section 708(b)(7)(viii) of the RTKL is apparent.

We further find no conflict between the Sunshine Act and the relevant provision of the RTKL. Section 704 of the Sunshine Act provides that "[o]fficial action[7] and deliberations by a quorum of the members of an agency shall take place at a meeting open to the public *unless* closed under section 707 (relating to exceptions to open meetings), [or] 708 (relating to executive sessions) . . . ." 65 Pa.C.S. §704 (emphasis added). Section 708(a)(1) of the Sunshine Act, in turn, provides that an agency may hold executive sessions closed to the public for several reasons, including "[t]o discuss any matter involving the employment, appointment, termination of employment, terms and conditions of employment, evaluation of performance, promotion or disciplining [*sic*] of any . . . employee employed or appointed by the agency." *Id.* §708(a)(1). This is wholly consistent with the RTKL's exemption for

---

[7] The Sunshine Act defines "official action" as:

> (1) Recommendations made by an agency pursuant to statute, ordinance or executive order.
> (2) The establishment of policy by an agency.
> (3) The decisions on agency business made by an agency.
> (4) The vote taken by any agency on any motion, proposal, resolution, rule, regulation, ordinance, report or order.

65 Pa.C.S. §703.

"[i]nformation regarding discipline, demotion or discharge contained in a personnel file." 65 P.S. §67.708(b)(7)(viii).

Section 708 of the Sunshine Act further provides that "[o]fficial action on discussions held pursuant to subsection (a) shall be taken at an open meeting." 65 Pa.C.S. §708(c). "Official action" includes a vote taken by an agency on a resolution. *Id.* §703; *see supra* n.7. Accordingly, although the discussions concerning an employee's discipline may be conducted in an executive session that excludes the public, the school board's resolution initiating the disciplinary process must be voted upon at a public meeting. However, no provision of the Sunshine Act mandates that such a resolution must entail public disclosure of the name of the employee subject to discipline.

That is not to say, of course, that the identity of the employee subject to discipline must remain confidential in perpetuity. The caveat in section 708(b)(7)(viii) of the RTKL states that the exemption from public access "shall not apply to the final action of an agency that results in demotion or discharge." 65 P.S. §67.708(b)(7)(viii). Accordingly, should the disciplinary process in this matter ultimately result in the demotion or discharge of the employees at issue, then records relating to that discipline will no longer be exempt from disclosure under the RTKL. However, no provision of either the School Code or the Sunshine Act mandates disclosure of the employees' identities prior to such "final action."

Thus, we find no provision of the School Code or the Sunshine Act that conflicts "with the provisions of [the RTKL] regarding access to records," 65 P.S. §67.3101.1, such that the exemption set forth in section 708(b)(7)(viii) of the RTKL must give way to an overriding provision that mandates disclosure of records to the

14

public. We accordingly find no basis to disturb the trial court's order holding that the requested records are exempt from disclosure under the RTKL.

The order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Highlands School District         :
                                     :   No. 163 C.D. 2020
                  v.          :
                                     :
Brian Rittmeyer and Tribune-Review, :
                                     :
         Appellants       :

## ***ORDER***

AND NOW, this 3ʳᵈ day of December, 2020, the January 6, 2020 order of the Court of Common Pleas of Allegheny County is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge