IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reading Area Water Authority,       :
                     Appellant       :
                                         :
            v.                      :
                                         :
Ernest Schlegel (Office of Open      :   No. 1096 C.D. 2020
Records)                           :   Submitted: August 20, 2021


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE J. ANDREW CROMPTON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED: December 30, 2021


The Reading Area Water Authority (Authority) appeals from the Berks County Common Pleas Court's (trial court) September 28, 2020 order that directed the Authority to produce all invoices for billable hours from Klehr Harrison Harvey Branzburg, LLP (Law Firm) from January 2019 through the present to Ernest Schlegel (Requester). The sole issue before this Court is whether the trial court erred by determining that the requested invoices did not constitute communications between an attorney and a client or disclose the content of communications between an attorney and a client and, therefore, were not protected by the attorney-client privilege under the Right-to-Know Law (RTKL).[1, 2]

The Authority engaged Law Firm to perform legal services. The services included handling litigation filed in the Berks County Common Pleas Court (Common

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] The Authority presented two issues for review, which this Court has combined.

Pleas).[3]  On January 13, 2020, Requester filed an RTKL request with the Authority seeking: all contracts with the Law Firm from January 2019 through the present; all invoices for billable hours from the Law Firm from January 2019 through the present; and records of payments to the Law Firm from January 2019 through the present (Request).  On February 13, 2020, the Authority responded:

> 1. There are two contracts with [Law Firm] in the form of engagement letters.  These letters are dated February 1, 2019 and August 20, 2019.  Attorney-client privilege is being asserted for these two engagement letters.
>
> 2. Redacted copies of the invoices from [Law Firm] from January 2019 through the present are provided for your review.  The specific time entries on the invoices are protected by attorney-client privilege and thus, appropriate redactions have been made.
>
> 3. Copies of the remittance portions of the checks to [Law Firm] are provided for your review.

Reproduced Record (R.R.) at 18a.

On February 21, 2020, Requester appealed to the Pennsylvania Office of Open Records (OOR).  On May 12, 2020, the OOR issued its Final Determination, wherein it declared that the requested contracts were protected by the attorney-client privilege and were not subject to disclosure pursuant to the RTKL, but required the Authority to provide unredacted invoices to Requester because they were not protected.  The Authority appealed from the OOR's Final Determination to the trial court.  Specifically, the Authority asked the trial court to set aside the portion of the Final Determination requiring disclosure of the unredacted invoices.  The trial court held a hearing on July 15 and September 16, 2020, and conducted an *in camera* review of the

---

[3] This Court refers to the Berks County Common Pleas Court as Common Pleas to distinguish it from the later reviewing trial court.

2

unredacted invoices. On September 28, 2020, the trial court ordered the Authority to produce the unredacted invoices to Requester.

On October 28, 2020, the Authority appealed to this Court.[4] On November 2, 2020, the trial court ordered the Authority to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement). The Authority filed its Rule 1925(b) Statement on November 23, 2020. The trial court issued its opinion on February 3, 2021.

Initially, Section 305(a) of the RTKL provides:

> **General rule.--**A record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record. **The presumption shall not apply if**:
>
> (1) the record is exempt under [S]ection 708 [of the RTKL[5]];
>
> (2) **the record is protected by a privilege**; or
>
> (3) the record is exempt from disclosure under any other [f]ederal or [s]tate law or regulation or judicial order or decree.

65 P.S. § 67.305(a) (text emphasis added). Section 102 of the RTKL defines "**privilege**" as "[t]he attorney-work product doctrine, **the attorney-client privilege**, the doctor-patient privilege, the speech and debate privilege or other privilege

---

[4] This Court's "review of a trial court's order in a[n] RTKL dispute is 'limited to determining whether findings of fact are supported by [substantial] evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision.'" *Butler Area Sch. Dist. v. Pennsylvanians for Union Reform*, 172 A.3d 1173, 1178 n.7 (Pa. Cmwlth. 2017) (quoting *Kaplin v. Lower Merion Twp.*, 19 A.3d 1209, 1213 n.6 (Pa. Cmwlth. 2011)). "The scope of review for a question of law under the [RTKL] is plenary." *SWB Yankees LLC v. Wintermantel*, 999 A.2d 672, 674 n.2 (Pa. Cmwlth. 2010) (quoting *Stein v. Plymouth Twp.*, 994 A.2d 1179, 1181 n.4 (Pa. Cmwlth. 2010), *aff'd*, . . . 45 A.3d 1029 ([Pa.] 2012)).

*Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 178 n.8 (Pa. Cmwlth. 2019).

[5] 65 P.S. § 67.708 (relating to exceptions for public records).

recognized by a court interpreting the laws of this Commonwealth." 65 P.S. § 67.102 (emphasis added).

> The elements required to establish attorney-client privilege are:
>
> (1) The asserted holder of the privilege is or sought to become a client.
>
> (2) The person to whom the communication was made is a member of the bar of a court, or his subordinate.
>
> (3) The communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort.
>
> (4) The privilege has been claimed and is not waived by the client.

*Bagwell v. Pa. Dep't of Educ.*, 103 A.3d 409, 420 n.12 (Pa. Cmwlth. 2014) (quoting *Nationwide Mut. Ins. Co. v. Fleming*, 924 A.2d 1259 (Pa. Super. 2007), *aff'd by an equally divided court*, 992 A.2d 65 (Pa. 2010)).

The Pennsylvania Supreme Court has explained:

> [T]he determination of the applicability of the attorney-client privilege does not turn on the category of the information, such as a client's identity or address, or the category of a document, such as whether it is an invoice or fee agreement. Instead, the relevant question is whether the content of the writing will result in disclosure of information otherwise protected by the attorney-client privilege. *Cf.* [*Commonwealth v.*] *Chmiel*, 889 A.2d [501,] 531-32 [(Pa. 2005)]; [*Commonwealth v.*] *Maguigan*, 511 A.2d [1327,] 1334 [(Pa. 1986)]. For example, **descriptions of legal services that address the client's motive for seeking counsel, legal advice, strategy, or other confidential communications are undeniably protected under the attorney[-]client privilege**. In contrast, **an entry that generically states that counsel made a telephone call for a specific amount of time to the client is not information protected by the attorney-client privilege** but, instead, is

4

> subject to disclosure under the specific provisions of the RTKL.

*Levy v. Senate of Pa.*, 65 A.3d 361, 373 (Pa. 2013) (emphasis added).

In accordance with *American Civil Liberties Union of Pennsylvania v. Pennsylvania State Police*, 232 A.3d 654 (Pa. 2020),[6] this Court has conducted an *in camera*, line-by-line review of the requested invoices and holds that, because a number of entries on the submitted invoices appear to contain "the client's motive for seeking counsel, legal advice, strategy, or other confidential communications[,]" they are subject to redaction. *Levy*, 65 A.3d at 373. However, it is also clear from this Court's *in camera* review that a number of entries "generically state[] that counsel made a telephone call for a specific amount of time to the client [and] [are] not information protected by the attorney-client privilege." *Id.* Accordingly, this Court vacates the trial court's order insofar as it directs disclosure of **all** of the unredacted invoices, and remands the matter to the trial court to direct the Authority to provide a **sufficiently detailed** privilege log within a specified time period. This Court expects the Authority to make a good faith redaction request by not asserting the attorney-client privilege for such entries that merely refer to team meetings or research without stating the subject matter researched, and to specify why the allegedly privileged information is, in fact, protected by the attorney-client privilege, so that the trial court may conduct a more thorough line-by-line *in camera* review.[7]

---

[6] Essentially, the Pennsylvania Supreme Court held that an appellate court cannot review a lower tribunal's *in camera* review without conducting an equally careful inquiry.

[7] The Pennsylvania Supreme Court has indicated that, in response to a request for disclosure of public records, "the agency [seeking to withhold a document] should be required to provide **sufficiently detailed information concerning the contents of the requested document** to enable a reviewing court to make an independent assessment of whether it meets the statutory requirements for mandatory disclosure." *LaValle v. Off. of Gen. Counsel*, 769 A.2d 449, 458 n.13 (Pa. 2001) (superseded by statute) (emphasis added); *see also Schenck v. Twp. of Ctr.*, 975 A.2d 591 (Pa. 2009) (Saylor, J., dissenting). In *Commonwealth v. Flor*, 136 A.3d 150 (Pa. 2016) (Saylor, C.J., concurring), then Chief Justice Saylor reasoned that the same standard should similarly apply to a privilege log to be produced by the defendant's Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46, counsel, to

For all of the above reasons, the trial court's order is vacated, and the matter is remanded to the trial court for further proceedings consistent with this Opinion.

_____
ANNE E. COVEY, Judge

---

support counsel's objections to the disclosure of documents based on alleged attorney-client privilege. This Court agrees that a privilege log should be sufficiently detailed to enable a reviewing court to independently assess the merits of the agency's position on alleged privilege. Accordingly, here, the Authority's privilege log must provide "sufficiently detailed information concerning the contents of [each] requested document to enable [the trial] court to make an independent assessment" of whether the document is protected by the attorney-client privilege. *LaValle*, 769 A.2d at 458 n.13.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reading Area Water Authority,     :
               Appellant     :
                          :
           v.               :
                          :
Ernest Schlegel (Office of Open     :     No. 1096 C.D. 2020
Records)                      :

## O R D E R

AND NOW, this 30th day of December, 2021, the Berks County Common Pleas Court's (trial court) September 28, 2020 order is VACATED, and the matter is REMANDED to the trial court for further proceedings consistent with this Opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge